1  DAVID D. LIN*
2  MICHAEL D. CILENTO*
   LEWIS & LIN, LLC
3  81 Prospect Street, Suite 8001
4  Brooklyn, NY 11201
   Tel: (718) 243-9323
5  Email: David@iLawco.com
6  Email: Michael@iLawco.com
7  *pro hac vice application forthcoming

8  JI-IN LEE HOUCK
   STALWART GROUP
9  1100 Glendon Ave., Suite 1840
10 Los Angeles, CA 90024
   Tel: (310) 954-2000
11 Email: jiin@stalwartlaw.com
12
13 *Attorneys for Plaintiffs*

14              **UNITED STATES DISTRICT COURT**
15              **CENTRAL DISTRICT OF CALIFORNIA**
16

| | |
|---|---|
| BEN GRAUPNER;<br>BEN GRAUPNER<br>INCORPORATED<br><br>*Plaintiffs*,<br><br>vs.<br><br>PATRICK OAKES; and<br>NATIONAL TAX EXPERTS<br><br>*Defendants*. | Case No:   2:20-CV-7004<br><br>**VERIFIED COMPLAINT FOR:**<br>(1) False Descriptions and Representations of Facts, 15 U.S.C. § 1125(a)<br>(2) Cyberpiracy, 15 U.S.C. § 1125(d)<br>(3) Unlawful Domain Name Registration and Use, Cal. Bus. & Prof. Code Sec. 17525(a)<br>(4) Defamation – Libel, Cal. Civ. Code §45<br>(5) Unfair Competition, Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and<br>(6) Intentional Infliction of Emotional Distress<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiffs Ben Graupner ("Mr. Graupner") and Ben Graupner Incorporated (together as "Plaintiffs"), by and through their undersigned counsel, hereby file their Complaint against Defendants Patrick Oakes ("Defendant Oakes") and National Tax Experts ("Defendant NTE") (together as "Defendants"), and allege as follows:

## STATEMENT OF CASE

1. This case arises out of Defendants' extensive, outrageous, and continuous plots to harass, defame, threaten, and otherwise harm Mr. Graupner and his personal and professional reputations. In their relentless mission targeting Mr. Graupner, Defendants have committed numerous violations of federal and state laws, including acts of false advertising, trademark infringement, cyberpiracy, unfair competition and defamation.

2. Defendants began their unlawful behavior in 2018, shortly after Mr. Graupner ended his professional relationship with Defendants. Since that time, Defendants have continuously harassed Mr. Graupner by repeatedly calling, texting, and leaving voicemails that are threatening vulgar, and which should be categorized as hate speech and hate crimes as well as sexual harassments and sexual abuse, due to Defendants threats and intimidation based on Mr. Graupner's sexuality. This has been ongoing and near daily for the better part of two years.

3. More recently, Defendants have escalated the frequency and extent of their unlawful conduct, including by now registering the domain names <BenGraupnerTaxGroup.com> and <BenjaminGraupner.com> and using the domains to openly defame Mr. Graupner and his business. The Defamatory Websites contain undeniably false and defamatory statements about Mr. Graupner personally and professionally.

4. Defendants, who operate a competing business to Mr. Graupner, in the same industry and same geographical area, are misleading consumers and

diverting business away from Mr. Graupner through the unlawful Defamatory Websites.

5. Mr. Graupner brings this Complaint for damages and injunctive relief to seek redress for and stop Defendants' blatant and unambiguous unlawful conduct as described herein.

## PARTIES

6. Plaintiff Ben Graupner is an individual who resides in Los Angeles, California.

7. Plaintiff Ben Graupner Incorporated is a California corporation located at 6600 Sunset Blvd., Suite 313, Hollywood California 9028. Ben Graupner Incorporated uses the trade name Tax Debt Group.

8. Defendant Patrick Oakes is an induvial who, upon information and belief, resides at 13305 Valley Vista Blvd., Sherman Oakes, California 91423.

9. Defendant National Tax Experts is, upon information and belief, a California company located at 500 N. Brand Blvd., Suite 450, Glendale California 91201.

10. Upon information and belief, Defendant Oakes is the sole shareholder of Defendant NTE.

## JURISDICTION AND VENUE

11. This is a civil action arising under the Lanham Act with claims under 15 U.S.C. § 1125(a) and (d). As such, the Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121.

12. This Court has pendent jurisdiction of the related state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because they involve the same parties, they arise from the same operative facts common to the causes of action arising under the federal claims, and because the exercise of pendent

jurisdiction serves the interests of judicial economy, convenience and fairness to the parties.

13. This Court has personal jurisdiction over Defendants pursuant to Cal. Code Civ. Proc § 410.10 or, in the alternative, Federal Rule of Civil Procedure 4(k), because Defendants reside in California, transact business in California, committed tortious act within California, and/or caused injury to Mr. Graupner in California, and Mr. Graupner's claims arise from those activities.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2).

## STATEMENT OF FACTS

**Mr. Graupner's Past Work Relationship with Defendants**

15. Defendant NTE, and several other entities related to NTE and owned by Defendant Oakes, offers professional tax services to individuals engaged in disputes with the Internal Revenue Service ("IRS").

16. Mr. Graupner began his work relationship with Defendants in or around late 2012, starting in an administrative capacity and eventually growing into a sales position and continuing over the years in a sales role as an independent contractor.

17. Because Mr. Graupner was classified as an independent contractor, he formed the entity and started doing business under Ben Graupner Incorporated in 2015, which Defendants had and have full knowledge of.

18. In early 2018, Mr. Graupner became an enrolled agent with the IRS, after passing all three required comprehensive tests, allowing Mr. Graupner to represent taxpayers before the IRS.

19. In studying for and passing the required tests, Mr. Graupner was required to understand the various moral and ethical duties bestowed upon practitioners representing clients before the IRS. Having gained this knowledge, Mr. Graupner became mindful and concerned about several practices and

procedures of Defendant NET that Mr. Graupner did not feel met the ethical obligations as he had now come to understand were required for the tax restitution work that Defendant NTE engaged in. This made Mr. Graupner re-evaluate his involvement and employment with NET, ultimately leading to his separation with Defendant NTE in October 2018.

20.  In addition to the above, approximately one year prior to the separation, the work environment at Defendant NTE became unhealthy and nearly unmanageable. Defendant Oakes became verbally abusive to his employees on a regular basis, and in addition, Defendant Oakes became aware that Mr. Graupner was bi-sexual, and used this to make Mr. Graupner feel isolated and uncomfortable in the work environment. Eventually, enough was enough, and Mr. Graupner, for the moral and ethical reasons discussed above as well as the unhealthy and unmanageable work environment, decided to terminate his work relationship with Defendants.

21.  After Mr. Graupner left Defendant NTE, he abided by the separation agreement between him and Defendants, and maintained Ben Graupner Incorporated in order to receive severance payments called for under that agreement. In late 2018, Mr. Graupner registered the trade name Tax Debt Group, having created the domain name and website <TaxDebtGroup.com> in November 2018, and filing for US trademark protection in December 2018. Plaintiffs have been doing business as Tax Debt Group since that time, which Defendants had and have full knowledge of.

**Defendants' Harassing Conduct Subsequent to Termination**

22.  About a month after Mr. Graupner's separation from Defendant NTE, Defendant Oakes began to send disturbing text messages to Mr. Graupner, accusing Mr. Graupner of plotting with and joining nonparties Terry Selb and Tyler Bennett, whom Defendant Oakes apparently had and has personal vendettas against, both of who were former employees of Defendant

5

NTE. This was the beginning of what became and still currently is near-daily harassment, abuse, and threats from Defendant Oakes to Mr. Graupner, through text messages, emails, phone calls, and voicemails.

23. One such example, on or around May 18, 2020, Defendant Oakes sent Mr. Graupner a flurry of text messages, one in particular happened to contain an image of Mr. Selb with the image asserting Mr. Selb was a fraud. Importantly, this is the same image of Mr. Selb that now appears on the Defamatory Websites as described below.

24. Following the storm of messages of May 18, 2020, Defendant Oakes discontinued use of his private registered phone number to harass Mr. Graupner, and instead has opted to utilize various different, untraceable phone numbers to message and call Mr. Graupner on a near daily basis.

25. The content of Defendant Oakes's continuous harassing and abusive text messages and voicemails, which contain vulgar, descriptive, and sexually explicit messages, is extreme and outrageous, and no doubt would be considered so by any reasonable factfinder.

**Defendants Register the Domain Name and Create the Defamatory Websites**

26. Upon information and belief, on July 22, 2020 Defendants registered the <BenGraupnerTaxGroup.com> domain name and began directed it to a website that openly defamed Mr. Graupner and his business.

27. Upon information and belief, on July 24, 2020 Defendants registered the <BenjaminGraupner.com> domain name and began directing it to the same defamatory website as above (both websites together as the "Defamatory Websites").

28. Also on July 24, 2020, Tax Debt Group on its own website received a webform submission that was clearly fake and that contained not only homophobic slurs but a link to the <BenGraupnerTaxGroup.com> domain

name. Upon information and belief, the fake form was submitted by Defendant Oakes.

29. Upon visiting the Defamatory Websites, Mr. Graupner discovered not only did the Defamatory Websites highlight personal and sensitive information about Mr. Graupner, including his sexuality, but they also contained numerous false and defamatory statements about Mr. Graupner and Tax Debt Group, including but not limited to the following:

- that Mr. Graupner and Tax Debt Group were acting as a front for American Tax Solutions;
- that clients and potential clients of Mr. Graupner and Tax Debt Group were in "grave danger" of being scammed and becoming victims of fraud;
- that clients and potential clients who hired Mr. Graupner and Tax Debt Group were actually having their work performed by American Tax Solutions; and
- that Mr. Graupner and Tax Debt Group use deceptive business practices.

30. The above statements are false and defamatory.

31. While Defendants appear to be changing the Defamatory Websites periodically, the updates have continued to contain different and more defamatory statements.

32. The domain names registered by Defendants include both Mr. Graupner's real name as well as a variation of the name of Mr. Graupner's business, Tax Debt Group, to which Mr. Graupner has trademark rights in, having used the name in commerce since 2018, as well as filing for US trademark protection in December 2018.

**FIRST CLAIM FOR RELIEF**

**False and Misleading Descriptions and Representations of Facts**

7

**Violation of 15 U.S.C. § 1125(a)**

33. Plaintiffs reallege and incorporates by reference the allegations set forth above in paragraphs 1 through 32 above.

34. The domain names and Defamatory Websites contain both Mr. Graupner's real name and a variation of Mr. Graupner's business name, Tax Debt Group, to which Plaintiffs have trademark rights in.

35. The Defamatory Websites state facts about Mr. Graupner and Tax Debt Group that are false, misleading, and that misrepresent the nature and quality of Plaintiffs' services, including by stating that Mr. Graupner and Tax Debt Group:

   (i) violate their professional licenses and standards;
   (ii) are acting as a front for American Tax Solutions;
   (iii) are using American Tax Solutions to perform work for Tax Debt Group;
   (iv) use deceptive business practices, and
   (v) are putting their customers in "grave danger" of becoming victims.

36. As a direct and proximate result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged both irreparably and monetarily.

**SECOND CLAIM FOR RELIEF**

**Cyberpiracy**

**Violation of 15 U.S.C. § 1125(d)**

37. Plaintiffs reallege and incorporates by reference the allegations set forth above in paragraphs 1 through 36 above.

38. The domain names and Defamatory Websites contain both Mr. Graupner's real name and a variation of Mr. Graupner's business name, Tax Debt Group, to which Plaintiffs have trademark rights in.

39. Defendants in bad faith are profiting from Mr. Graupner's name

and Tax Debt Group's mark by diverting potential customers away from Plaintiffs and towards Defendants' competing business.

40. Defendants have no other legitimate rights to or in the domain names, Mr. Graupner's name, or Tax Debt Group's mark.

41. Defendants had no prior use of the domain names.

42. Defendants attempted to mask their identity by registering the domain name anonymously.

43. As a direct and proximate result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

## THIRD CLAIM FOR RELIEF

## Unlawful Domain Name Registration and Use

## Violation of Cal. Bus. & Prof. Code Sec. 17525(a)

44. Plaintiffs reallege and incorporates by reference the allegations set forth above in paragraphs 1 through 43 above.

45. The domain names and Defamatory Websites contain both Mr. Graupner's real name and a variation of Mr. Graupner's business name, Tax Debt Group, to which Plaintiffs have trademark rights in.

46. Defendants' in bad faith are profiting from Mr. Graupner's name and Tax Debt Group's mark by diverting potential customers away from Plaintiffs, and towards Defendants' competing business.

47. Defendants' registration and use of the domain names and Defamatory Websites were done in bad faith, in order to defame Plaintiffs and to deceive the public.

48. Defendants have no other legitimate rights to or in the domain names, Mr. Graupner's name, or Tax Debt Group's mark.

49. Defendants had no prior use of the domain names.

50. Defendants attempted to mask their identity by registering the

9

domain names anonymously.

51. As a direct and proximate result of Defendant's unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

## FOURTH CLAIM FOR RELIEF
## Defamation – Libel
## <u>Violation of Cal. Civ. Code §45</u>

52. Plaintiffs reallege and incorporates by reference the allegations set forth above in paragraphs 1 through 51 above.

53. Defendants intentionally made false statements of fact about Mr. Graupner and Tax Debt Group on the Defamatory Websites.

54. These statements were made maliciously and willfully, and were intended to and did cause harm to Mr. Graupner's business integrity and personal reputation and Tax Debt Group's reputation. The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of Mr. Graupner.

55. The defamatory statements include but are not limited to that Mr. Graupner and Tax Debt Group:

   i. violate their professional licenses and standards;
   ii. are acting as a front for American Tax Solutions;
   iii. are using American Tax Solutions to perform work for Tax Debt Group;
   iv. use deceptive business practices, and
   v. are putting their customers in "grave danger" of becoming victims.

56. The aforementioned statements where made of and concerning Plaintiffs and were so understood by those who read Defendants' publication of

them.

57. Defendants have no privilege to assert the false and disparaging statements.

58. As a direct and proximate result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

## FIFTH CLAIM FOR RELIEF
### Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

59. Plaintiffs reallege and incorporates by reference the allegations set forth above in paragraphs 1 through 58 above.

60. The domain names and Websites contain both Mr. Graupner's real name and a variation of Mr. Graupner's business name, Tax Debt Group, to which Plaintiffs have trademark rights in.

61. The Defamatory Websites state facts about Plaintiffs that are false, misleading, and that misrepresent the nature and quality of Plaintiffs' services, including by stating that Mr. Graupner and Tax Debt Group:

　　i. violate their professional licenses and standards;
　　ii. are acting as a front for American Tax Solutions;
　　iii. are using American Tax Solutions to perform work for Tax Debt Group;
　　iv. use deceptive business practices, and
　　v. are putting their customers in "grave danger" of becoming victims.

62. The above defamatory statements are false and they mislead public about Plaintiffs' services.

63. As a direct and proximate result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

## SIXTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
### (Mr. Graupner against Defendant Oakes)

64. Mr. Graupner realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 63 above.

65. Defendant Oakes has sent harassing, vulgar, sexual, and threatening text messages to Mr. Graupner on a regular basis since late 2018.

66. Defendant Oakes has left harassing, vulgar, sexual, and threatening voicemails to Mr. Graupner on a regular basis since late 2018.

67. The Defamatory Websites contain false, fraudulent, and personal and sensitive information about Mr. Graupner.

68. Defendant Oakes's unlawful conduct was extreme and outrageous and has caused and continues to cause Mr. Graupner extreme emotional distress.

69. As a direct and proximate result of Defendant's unlawful and deliberate conduct as set forth above, Mr. Graupner has been, and will continue to be, damaged.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follow:

a) Judgment on each of the claims set forth above, including a finding that Defendants' infringement of Mr. Graupner's name and Plaintiffs' Tax Debt Group mark was intentional and willful;

b) Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

c) An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful

           acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

d)   An order enjoining Defendants and those in active concert with them from further falsely advertising and infringing upon Mr. Graupner's name and Tax Debt Group's mark pursuant to 15 U.S.C. § 1116;

e)   An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendant's unlawful use of their name and trademarks, as alleged above, and/or disgorgement of all profits received by Defendants as a result of their false advertising, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

f)   Award Plaintiffs compensatory damages according to proof at trial, but in an amount not less than $5,000,000.00;

g)   Award Plaintiffs punitive damages pursuant to the Lanham Act and the common law, due to Defendants' willful and wanton behavior;

h)   Directing Defendant to take down the Defamatory Websites and cancel the domain names and/or directing the Registrar that maintains the domain names to take cancel the domain names;

i)   Directing Defendant Oakes from making any further contact with Mr. Graupner in any form;

j)   Prejudgment and post-judgment interest at the applicable rate;

k)   Mr. Graupner's attorneys' fees, expenses, and costs of suit; and

l)   Such other and further relief the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiffs hereby demand trial by jury for all issues so triable

Dated:  August 3, 2020

                             **STALWART GROUP**

                             /s/ Ji-In Lee Houck
                             Ji-In Lee Houck
                             1100 Glendon Ave., Suite 1840
                             Los Angeles, CA 90024
                             Tel: (310) 954-2000
                             jiin@stalwartlaw.com

                        *-and-*

                             **LEWIS & LIN, LLC**
                             David D. Lin, Esq.*
                             Michael D. Cilento, Esq.*
                             81 Prospect Street, Suite 8001
                             Brooklyn, NY 11201
                             Tel: (718) 243-9323
                             Fax: (718) 243-9326
                             David@ilawco.com
                             Michael@iLawco.com
                             **pro hac vice* application forthcoming

                         *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

BEN GRAUPNER;
BEN GRAUPNER INCORPORATED

    *Plaintiffs*,

vs.

PATRICK OAKES; and
NATIONAL TAX EXPERTS

    *Defendants*.

**VERIFICATION OF COMPLAINT**

I, Ben Graupner, declare as follows:

1. I am a Plaintiff in the above-captioned matter, and I am the owner of Ben Graupner Incorporated, the other Plaintiff.

2. I have read the foregoing complaint and know the contents thereof, which are to my personal knowledge true, except as to those matters stated to be upon information and belief, and to those matters, I believe them to be true.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Los Angeles, California on August 3, 2020.

                                                     _____
                                                     Ben Graupner